398 So.2d 453 (1981)
THE FLORIDA BAR, Complainant,
v.
Billy D. SHANNON, Respondent.
No. 59247.
Supreme Court of Florida.
May 7, 1981.
John F. Harkness, Jr., Executive Director, and John A. Boggs, Asst. Staff Counsel, Tallahassee, David G. McGunegle, Bar Counsel and Branch Staff Counsel, Orlando, and Charles Tindell, Chairman, Seventh Judicial Circuit Grievance Committee "C", Daytona Beach, for complainant.
Billy D. Shannon, in pro. per.
PER CURIAM.
This attorney-discipline case is before the Court on the complaint of The Florida Bar, the report of a referee, and respondent's petition for review. Fla.Bar Integr. Rule, art. XI, Rule 11.09; Art. V, § 15, Fla. Const.
The Bar's complaint alleged various facts and accused respondent Billy D. Shannon of violating the Code of Professional Responsibility, Disciplinary Rules 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), and 7-101(A)(3). The referee made findings of fact and recommended that respondent be found guilty of violating these four disciplinary rules.
Respondent represented Mr. and Mrs. Roland E. Barabe in connection with their purchase of a home. Respondent gave them a title opinion and was paid a fee. Subsequently, Mr. and Mrs. Barabe wished to refinance their home in order to raise funds with which to pay some medical bills. The lender initially agreed to increase the mortgage loan but later withdrew the commitment due to a title defect. Mr. Shannon admits that he mistakenly overlooked the defect when advising the Barabes in connection with the purchase of their home.
The defect had to do with the lack of two attesting witnesses on the deed from previous owners who had conveyed the property to the Barabes' seller. Mr. Shannon agreed to have the defect cleared at his own expense. He first attempted to have the previous owners, who lived in California, execute a corrected deed. He thought this approach would solve the problem, and some time elapsed before he learned that the previous owners would not sign the corrected deed. Mr. Shannon then advised Mr. Barabe that he would have to institute *454 a quiet title action and Mr. Barabe directed that he do so. Due to multiple professional and family problems, however, Mr. Shannon delayed filing the action and the Barabes sought other counsel.
By the time the title defect was cleared, by way of the filing of a quiet title action by the Barabes' new lawyer, interest rates and closing costs had increased so that for the same expanded mortgage loan, Mr. and Mrs. Barabe would have had to commit themselves to a larger monthly payment. The larger payment was beyond their budget, so that in order to pay their medical bills they had to sell the house and seek more affordable living accommodations.
Based on these facts, we approve the recommended findings of the referee that Mr. Shannon neglected a legal matter entrusted to him, DR 6-101(A)(3); intentionally failed to seek the lawful objectives of his client through reasonably available means, DR 7-101(A)(1); failed to carry out a contract of employment with a client for professional services, DR 7-101(A)(2); and prejudiced or damaged his client during the course of the professional relationship, DR 7-101(A)(3).
This is a case of neglect without any wrongful intent or motive. Respondent has no record of past professional misconduct.
Based on the professional failure demonstrated by the facts of this case, we conclude that respondent Billy D. Shannon should be publicly reprimanded. The public reprimand will be administered by the publications of this opinion.
We also assess the costs of this proceeding against the respondent in the amount of $326.36.
It is so ordered.
BOYD, Acting C.J., and OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.